## MANNING v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
March 12, 1929.

No. 8305.

W. W. Botts, of Mexico, Mo., for appellant.

Arthur A. Hapke, Asst. U. S. Atty., of St. Louis, Mo., and Louis H. Breuer, U. S. Atty., of Rolla, Mo.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and SCOTT, District Judge.

VAN VALKENBURGH, Circuit Judge. Appellant, a physician, appeals from a conviction for distributing narcotics contrary to law by means of prescriptions given to addicts for the purpose of permitting them to procure drugs from any drug store and thereby to satisfy their cravings therefor; the same to be self-administered without supervision and not in the legitimate practice of his profession by appellant in the treatment of disease. Our inquiry is limited to the error assigned because of overruling a demurrer to the indictment. No testimony is brought up.

The only question involved, therefore, is the validity of the indictment, which contained thirty counts. The jury found the defendant not guilty on count 9 and guilty on all other counts. The court sentenced the defendant on each of the first 8 counts to imprisonment for a period of five years in the penitentiary at Leavenworth, the terms to run concurrently. On each of the last 21 counts a punishment of five years in the penitentiary was assessed, the same to run concurrently with each other, but consecutively upon the sentences on the first 8 counts, making an aggregate sentence of 10 years.

The first count of the indictment is typical, and, stripped of formal allegations, reads as follows:

"That Thomas S. Manning, whose other or true name is to the grand jurors unknown, hereinafter called the defendant, late of the

city of St. Louis, state of Missouri, heretofore, to wit, on the 27th day of June, A. D. 1927, at or near premises known as and numbered 3905–A Finney avenue, in the city of St. Louis, in the Eastern Division of the Eastern Judicial District of Missouri, and within the jurisdiction of this court, did then and there violate the Act of December 17, 1914, entitled "An act to provide for the registration of, with collectors of internal revenue, and to impose a special·tax upon all persons who produce, import, manufacture, compound, deal in, dispense, sell, distribute, or give away opium or coca leaves, their salts, derivatives, or preparations, and for other purposes" as amended February 24, 1919 [26 USCA §§ 211, 691, et seq.], in that the said defendant then and there being a physician duly registered as such under the aforesaid acts did then and there knowingly, willfully and unlawfully sell, barter, exchange and give away to one Ella Rush a compound, manufacture and derivative of opium, to wit, thirty grains, more or less, of morphine sulphate, not in pursuance of any written order of the said Ella Rush, on a form issued in blank for that purpose by the Commissioner of Internal Revenue of the United States, and not in good faith and in the course of his professional practice only, the said selling, bartering, exchanging and giving away being done and effected through a written order of the said Ella Rush, in the form of a prescription signed by the said defendant, said prescription being in the following words and figures, to wit:

" 'Mrs. Ella Rush, 1207 Mo. Ave.
" 'T. S. Manning, Physician and
Surgeon
" '4888.
" '3867 Delmar Blvd.     Bell Lindell 4945
Register No. 3596.  St. Louis, Mo.
" 'Hours: 7 to 9 a. m. 12 to 1 and 5 to 7 p. m., Sundays until 11 a. m. and by appointment. 3905a Finney  Saturday 7 a. m. to 3 p. m.
" 'Morph. Sulph      2/
" 'Sig: Use as directed.
" 'T. S. Manning,
" '6/27/27        Finney Ave. Pharmacy.
" '98773
"6/28/27
" '(18702)      3.50'

"That the defendant intended that the said Ella Rush should obtain the aforesaid narcotic drugs from a druggist upon and by means of the said prescription; that the said Ella Rush did on the 28th day of June, A. D. 1927, obtain upon said prescription narcotic drugs of the amount and kind above described pursuant to said prescription; that the said Ella Rush did not then require the administration of morphine by reason of any disease, and that defendant did not sell, barter, exchange and give away in and by means of said prescription any of the aforesaid narcotic drugs for the purpose of treating any disease with which the said Ella Rush was then suffering; that the said Ella Rush was a person addicted to the habitual use of morphine and cocaine and known by the defendant to be so addicted, and that defendant did sell, barter, exchange and give away aforesaid drugs to the said Ella Rush in and by means of said prescription because of such addiction; that the aforesaid narcotic drugs so acquired and received by the said Ella Rush were in the form in which such drugs are usually consumed by persons addicted to the habitual use thereof to satisfy their cravings therefor and were adapted to such consumption, and that the aforesaid narcotic drugs sold, bartered, exchanged and given to the said Ella Rush as aforesaid were not consumed or intended to be consumed by the said Ella Rush in the presence of the defendant, but all of the said drugs were put in the possession and control of the said Ella Rush with the intention on the part of the said defendant, Thomas S. Manning, that the said Ella Rush would use the same by self-administration or dispose of same in any manner she saw fit."

The contention of the appellant is that the Harrison Anti-Narcotic Act (26 USCA §§ 211, 691, et seq.) leaves entirely with the physician the responsibility as to when, under what conditions, and for what purposes he will issue a prescription for the drugs; that the act places no restriction upon his right to prescribe such drugs; that the direct control of medical practice in the states is beyond the power of the federal government. Incidentally, the constitutionality of the act, as applied in the case at bar, is attacked and the right of the appellant to prescribe narcotic drugs to an habitual user for the purpose of keeping him comfortable by maintaining his customary use is asserted. In this view, it was contended in the court below by demurrer, and here by assignment, that the indictment states no offense.

That·the act is constitutional, and that it does place restrictions upon the right of a physician to prescribe narcotic drugs, can no longer successfully be denied. United States v. Doremus, 249 U. S. 86, 39 S. Ct. 214, 63 L. Ed. 493; Nigro v. United States,

276 U. S. 332, 48 S. Ct. 388, 72 L. Ed. 600; Jin Fuey Moy v. United States, 254 U. S. 189–192, 41 S. Ct. 98 (65 L. Ed. 214); United States v. Behrman, 258 U. S. 280, 42 S. Ct. 303, 66 L. Ed. 619; Boyd v. United States, 271 U. S. 104, 46 S. Ct. 442, 70 L. Ed. 857; Webb v. United States, 249 U. S. 96, 39 S. Ct. 217, 63 L. Ed. 497; Boehm v. United States (C. C. A. 8) 21 F.(2d) 283, 284; Nelms v. United States (C. C. A. 9) 22 F.(2d) 79.

In Jin Fuey Moy v. United States, supra, the Supreme Court said:

"It is objected that the act of selling or giving away a drug and the act of issuing a prescription are so essentially different that to allege that defendant sold the drug by issuing a prescription for it amounts to a contradiction of terms, and the repugnance renders the indictment fatally defective. The government suggests that the clause as to issuing the prescription may be rejected as surplusage; but we are inclined to think it enters so intimately into the description of the offense intended to be charged that it cannot be eliminated, and that unless defendant could 'sell,' in a criminal sense, by issuing a prescription, the indictment is bad. If 'selling' must be confined to a parting with one's own property there might be difficulty. But by section 332 of the Criminal Code [18 USCA § 550], 'whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal.' Taking this together with the clauses quoted from section 2 of the Anti-Narcotic Act [26 USCA § 696], it is easy to see, and the evidence in this case demonstrates, that one may take a principal part in a prohibited sale of an opium derivative belonging to another person by unlawfully issuing a prescription to the would-be purchaser. Hence there is no necessary repugnance between prescribing and selling, and the indictment must be sustained."

▮ From this it appears that since it is unlawful to dispense or distribute narcotic drugs, except in accordance with the provisions of the Harrison Anti-Narcotic Act (26 USCA §§ 211, 691, et seq.), a physician who procures the dispensing thereof through the instrumentality of a prescription not issued in the course of his bona fide professional practice as a treatment for disease takes a principal part in the prohibited sale or distribution made, even though there is no conspiracy or unlawful understanding between him and the druggist who fills the prescrip-

tion, and this is true whether the prescription be directed to a specific druggist or not. In fact, all prescriptions are expected to be, and are, filled according to the desire of the purchaser at whatsoever drug store he may select. The druggist, if innocent, is protected by the prescription. Eckert v. United States (C. C. A. 8) 7 F.(2d) 257. The case of Manning v. Biddle (C. C. A.) 14 F.(2d) 518, is not in conflict with this view. There the physician was charged with aiding and abetting a druggist in the commission of an offense, where the druggist so charged had been acquitted. Here the physician is himself charged as the principal under the doctrine announced by the Supreme Court. The Behrman Case, supra, confirms the doctrine announced in the Jin Fuey Moy and Webb Cases, and this court in Boehm v. United States, and the Circuit Court of Appeals for the Ninth Circuit in Nelms v. United States, above cited, have held in conformity therewith. In the Nelms Case the indictment was in terms substantially identical with that now before us.

▮ It will be noted that this indictment contains all the essential elements of the offense. It specifies the exact time and place, when and where the prescription was given, and the name of the person to whom it was issued. The prescription itself is set out in full. It is further alleged that this prescription was filled, and that the narcotic drugs were thus acquired and received by the person to whom the prescription was issued; that the appellant in thus prescribing was acting not in good faith and in the course of his professional practice for the purpose of treating any disease, but only for the purpose of enabling the person to whom the prescription was given to satisfy the cravings suffered by those addicted to the habitual use of such drugs. The crime was described with sufficient clearness to inform the defendant of the nature and cause of the accusation and enable him to plead the judgment, if any, in bar of further prosecution for the same offense. United States v. Behrman, 258 U. S. 280, 42 S. Ct. 303, 66 L. Ed. 619. It was unnecessary to state the name of the druggist by whom the prescription was filled. If further information was needed in the preparation of his defense, this could have been procured through the instrumentality of a bill of particulars. Myers v. United States (C. C. A. 8) 15 F.(2d) 977, and cases cited. From the record before us we must assume that the evidence amply sus-

tained the verdict, and we may infer that the offense was of an exaggerated nature.

In our opinion, the indictment sufficiently charges an offense and the demurrer was properly overruled. It results that the judgment below should be and is affirmed.