In the Matter of NICHOLAS A. TONIS, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

Third Department, November 14, 1945.

*Irving Gordon,* attorney (*Emanuel Wexler* of counsel), for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Wendell P. Brown, First Assistant Attorney-General, Edward L. Ryan* and *Henry S. Manley* of counsel), for respondent.

HEFFERNAN, J. This proceeding under article 78 of the Civil Practice Act is brought to review a final determination of the Board of Regents, executed on their behalf by the Commissioner of Education, revoking, annulling and canceling the petitioner's license to practice medicine and annulling and canceling of record his registration or registrations as a physician, in accordance with the provisions of subdivision 1 of section 1264 of the Education Law.

On December 5, 1944, petitioner, a physician, entered a plea of guilty to two counts of an indictment in the United States District Court for the Southern District of New York, for violation of the provisions of section 2554 of the Internal Revenue Code (U. S. Code, tit. 26, § 2554). The certificate of conviction describes the crime as " unlawful sales of morphine sulphate " and states that the petitioner was sentenced to one year and one day on each count, to run concurrently. The execution of the sentence was suspended and the petitioner was placed on probation for a period of two years. He was also fined $500 to cover the two counts.

In the first count of the indictment petitioner was charged with the unlawful sale on October 29, 1942, of twenty one-quarter grain tablets of a narcotic drug containing morphine sulphate, a derivative and preparation of opium, to one John Port. The second count charges a sale of the same drug, in the same quantity, also to John Port, on November 2, 1942. Both counts are alleged as violations of section 2554 of the Internal Revenue Code.

On December 27, 1944, the State Department of Education advised petitioner that his license to practice medicine was subject to revocation because the offense to which he plead guilty is a felony. His contention is that his crime is a misdemeanor and that the record in the District Court is erroneous. On January 9, 1945, petitioner moved before the District Court to amend the judgment of conviction so as to specify the exact alleged unlawful acts with which he was charged and to which he plead guilty. The court granted the motion and amended the judgment by adding thereto the following statement: " The sales charged in the Indictment in counts 1 & 2 consisted of the following as a matter of fact: that on two different occasions defendant, a licensed physician, did, for a consideration, issue an order or prescription for morphine sulphate not in the regular course of his practice but to an addict for a prohibited use, although the prescription was filled by a druggist who acted in good faith without knowledge that the prescription was unlawfully issued."

In the amended judgment the designation of the crime remains " unlawful sales of morphine sulphate " and no change was made in the sentence originally imposed.

After the amendment of the judgment the respondent adhered to its prior position that petitioner was guilty of a felony and the order of revocation followed.

Section 1264 of the Education Law provides: " 1. Whenever any practitioner of medicine shall be convicted of a felony, as defined in section twelve hundred and fifty-one of this article, the registration of the person so convicted may be annulled and his license revoked by the department."

" 1251. *Qualifications.* * * * The conviction of felony shall be the conviction of any offense which if committed within the state of New York would constitute a felony under the laws thereof."

Pertinent provisions of the United States Internal Revenue Code are:

" Sec. 2554. *Order forms.*

" (a) *General requirement.*— It shall be unlawful for any person to sell, barter, exchange or give away any of the drugs mentioned in section 2550(a) except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary."

The drugs mentioned in subdivision (a) of section 2550 of the Code are: " opium, coca leaves, any compound, salt, derivative, or preparation thereof ".

" § 2557. *Penalties.* * * *

" (b) *Violations in General.*—

" (1) Any person who violates or fails to comply with any of the requirements of this subchapter or part V of subchapter A of chapter 27, shall, on conviction, be fined not more than $2,000 or be imprisoned not more than five years, or both, in the discretion of the court."

The United States Criminal Code (Code, § 335; U. S. Code, tit. 18, § 541) provides that all offenses which may be punished by death or imprisonment for a term exceeding one year shall be deemed felonies.

Petitioner's contention in this proceeding is that the illegal acts upon which his indictment and conviction in the Federal court were founded do not constitute a felony under the laws of this State. That contention is without merit. The crime to which he plead guilty is a felony under the laws of the national and State governments (*Jin Fuey Moy* v. *United States*, 254 U. S. 189; *Manning* v. *United States*, 31 F. 2d 911; *Nigro* v. *United States*, 117 F. 2d 624; *United States* v. *Abdallah*, 149 F. 2d 219; *People* v. *Gennaro*, 261 App. Div. 533, affd. 287 N. Y. 657; see, also, Public Health Law, §§ 421, 422, 427, 444; Penal Law, §§ 2, 1751).

Petitioner's crime was completed when he unlawfully issued the prescription. The issuance of the prescription constitutes a sale within the meaning of the statutes to which we have referred as interpreted by the authorities which we have cited.

The determination of the respondent should be confirmed, but without costs.

BREWSTER, J. (dissenting). I dissent. As regards respondent's revocation of petitioner's license to practice medicine and annulment of his registration as a physician, we are to measure the grade of the offense whereof he was convicted in the Federal court by the laws of our State. (Education Law, § 1264, subd.

1; § 1251.) His *offense* can only mean his commission or omission of an act or acts which under our statute constitutes unlawful conduct punishable as a crime. How what he did or omitted to do, may be graded or made punishable under the Federal statutes is irrelevant.

The amended judgment of his conviction in the United States District Court definitely defines what his unlawful conduct was, viz.: "The sales charged in the Indictment in counts 1 & 2 consisted of the following as a matter of fact: that on two different occasions defendant, a licensed physician, did, for a consideration, issue an order or prescription for morphine sulphate not in the regular course of his practice but to an addict for a prohibited use, although the prescription was filled by a druggist who acted in good faith without knowledge that the prescription was unlawfully issued."

Thus the question arises whether under the laws of our State the act of a physician in unlawfully *prescribing* a narcotic drug is a felony or a misdemeanor. Note is to be taken that petitioner's act was only that of *prescribing* and such was not performed in concert or conspiracy with any other person whereby the drug was sold or otherwise dispensed. In my opinion under the laws of New York State his offense was not a felony but a misdemeanor.

Section 422 of the Public Health Law specifies a number of acts as unlawful. One such act is "to * * * sell," another, "to * * * prescribe," and still another is "to * * * dispense * * * any narcotic drug, except as authorized in this article." (Article 22 — Uniform Narcotic Drug Act.) The act then provides its definition of the word "sale" by stating that, in addition to its common import, it "includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, * * * agent, servant or employee." (Public Health Law, § 421, subd. 10.) And it also, by subdivision 17 of section 421 of the Public Health Law, defines the word, "dispense" by stating that it "includes distribute, leave with, give away, dispose of, or deliver." There is no statutory definition of the word "prescribe". Then by section 444 of said Statute we are referred to the Penal Law for the grading of the acts thus made unlawful and as to the punishment therefor. Penal Law, section 1751, provides that one "* * * who shall peddle, sell, barter, or exchange any narcotic drug, as defined in section four hundred twenty-one of the public health law, in violation of article twenty-two of such law, shall be guilty of a felony

* * *." Clearly the mere unlawful prescribing of such a drug is not there included, but the grade of such offense and its punishment are fixed by the following section (Penal Law, § 1751-a) as a misdemeanor.

*People* v. *Gennaro* (261 App. Div. 533, affd. 287 N. Y. 657), had to do with the gradation under the laws of New York State of defendant's former conviction in the Federal court for selling heroin in that the drug he sold " was not in the original stamped package or from the original stamped package " in violation of former section 1043 of title 26 of the United States Code (see 1934 ed.). The classification of such former conviction was to determine defendant's liability to increased punishment upon his second conviction in the Court of General Sessions of New York County, defendant's contention being that since his conviction in the Federal court was merely an offense against the Revenue Laws it was not one which, if committed in this State, would be a felony. I fail to see how that case is controlling here because of the disparity of its facts and the contention arising therefrom.

Respondent's order of April 26, 1945, revoking petitioner's medical license and annulling his registration as a physician should be vacated and annulled.

HILL, P. J., FOSTER and LAWRENCE, JJ., concur with HEFFERNAN, J.; BREWSTER, J., dissents in an opinion.

Determination of respondent confirmed, without costs.