## BOYD v. UNITED STATES.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 365. Argued December 1, 1925.—Decided April 19, 1926.

1. The mere fact that the quantity of morphine dispensed by a registered physician by a prescription to a morphine addict without a written order, exceeds what would be required by the patient for a single dose, does not constitute a violation of the Anti-Narcotic Act. *Linder* v. *United States,* 268 U. S. 5. P. 106.
2. An ambiguous statement in a charge in a criminal case, which, interpreted one way, would be erroneous, but which, considered with the charge as a whole, probably was understood by the jury in a harmless sense, is not a ground for reversal, where the defendant did not object and seek a correction in the trial court. P. 107.

4 Fed. (2d) 1014, affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals affirming a conviction of the petitioner of violations of the Anti-Narcotic Act.

*Mr. Sam E. Whitaker* for petitioner.

*Assistant to the Attorney General Donovan,* with whom *Solicitor General Mitchell* was on the brief, for the United States.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This was a prosecution under the Harrison Anti-Narcotic Act, c. 1, 38 Stat. 785, as amended, c. 18, 40 Stat. 1130. The indictment contained thirteen counts. The defendant was acquitted on seven and convicted on six; and the conviction was affirmed by the Circuit Court of Appeals, 4 Fed. (2d) 1014. The case is here on writ of certiorari.

In each of the six counts the defendant was described as a physician, registered as such under the Act and credited with paying the special tax required of physicians, and was charged with unlawfully dispensing—through his written prescription—a stated quantity of morphine sulphate to a particular person, in the absence of a written order from the recipient on an authorized form and not in the course of professional practice only, but to enable the recipient to obtain, as actually was done, possession of that quantity of the drug contrary to law. The prescriptions as set forth were: To Annie Davis, an addict to the use of the drug for 21 years, 48 grains on August 2, 48 grains on August 9, and 40 grains on August 13, all in 1923; and to Frank O'Hara, an addict for 18 years, 30 grains on August 18, 30 grains on August 24, and 30 grains on August 30, all in 1923.

On the trial the government proved and the defendant admitted, that he was a physician, was registered under the Act, and had paid the special tax required of a physician; that he issued the prescriptions without written orders from the recipients on an authorized form; that he intended the recipients should obtain the drug in the quantities specified from a local dealer; that they did so obtain it under the prescriptions; that they had been coming to the defendant for long periods and he knew they were confirmed addicts whose wills had come to be subservient to their acquired craving for the drug; that they were in a position after the prescriptions were filled where they could administer the drug to themselves according to their own inclinations or dispose of it to others; and that each prescription was for a quantity greatly in excess of what would be appropriate for immediate administration.

The disputed question was whether the defendant issued the prescriptions in good faith in the course of his professional practice. On this point the evidence was con-

flicting. That for the government tended strongly to show that the prescriptions were for quantities many times in excess of what, according to any fair medical standard, reasonably could be put into the possession of confirmed addicts, even when treating them for the addiction or endeavoring to relieve them from suffering incident to it, and that the prescriptions could only have been issued to enable the recipients to indulge their acquired longing for the drug and its effects. Much of that for the defendant tended to show that he issued the prescriptions in good faith in the course of professionally treating the recipients for their addiction and endeavoring to relieve them from its incidents. But some of the evidence in his behalf was pronouncedly corroborative of that for the government. Thus the testimony of other physicians whom he called as witnesses, while tending to approve his asserted method of treatment, also tended to show that the prescriptions in question were grossly excessive and unreasonable according to any fair medical standard. And his personal testimony contained contradictions and admissions tending materially to detract from his claim of good faith. Among other things his testimony showed that he was both distributing and prescribing most unusual quantities of the drug; that he purchased and distributed over 15,000 grains from May 1 to September 30, 1923, and that he issued prescriptions on much the same scale during that period. There was much testimony that his professional and private character were good and widely respected.

In its charge to the jury the court said that the determinative question was whether the defendant issued the prescriptions in good faith "as a physician to his patients in the course of his professional practice only"; that if they were issued in good faith "for the purpose of curing disease or relieving suffering" he should be acquitted; and that if on the evidence that question was left in rea-

sonable doubt he should be given the benefit of the doubt and acquitted. There was more along this line, in the course of which the court said that it was admissible for the defendant in his professional practice to prescribe the drug either for "the curing of morphinism" or for "the relief of suffering from morphinism," if he did so in good faith, and that in determining the question of his good faith the jury should consider the quantity prescribed— whether it conformed to medical standards, and, if it was in excess of such standards, whether there was reason or occasion for the excess. Thus far the charge was in accord with what this Court said in *Linder* v. *United States,* 268 U. S. 5, where prior decisions were reviewed and explained.

Further on in the charge the court indicated that it was not admissible for the defendant to issue prescriptions to a known addict "for amounts of morphine for a great number of doses, more than was sufficient for the necessity of any one particular administration of it." Complaint is now made of this. It appears ambiguous, and if not taken with the rest of the charge might be regarded as meaning that it never is admissible for a physician in treating an addict to give him a prescription for a greater quantity than is reasonably appropriate for a single dose or administration. So understood, the statement would be plainly in conflict with what this Court said in the *Linder Case.* But we think it could not well have been so understood in this instance. It did not stand alone, but was to be taken in connection with what preceded it and also with what followed. At the conclusion of the charge counsel for the defendant made no objection and took no exception to it, but simply asked the court to add the following, which was done:

"I am requested to say to you, gentlemen, that in determining whether or not the defendant in prescribing morphine to his patients was honestly seeking to cure

them of the morphine habit, while applying his curative remedies, it is not necessary for the jury to believe that defendant's treatment would cure the morphine habit, but it is sufficient if defendant honestly believed his remedy was a cure for this disease."

" I instruct you that if this is true, regardless of whether the course of treatment given by this defendant is a cure, the question is, was he honestly and in good faith in the course of his professional practice and in an effort to cure disease issuing these prescriptions." .

With that addition the charge elicited no criticism or objection from the defendant, although there was full opportunity therefor. It evidently was regarded as consistent and satisfactory. Besides, in view of what was said in other parts of the charge, we are justified in assuming that had the court's attention been particularly drawn at the time to the part complained of now, it would have been put in better form. Certainly after permitting it to pass as satisfactory then the defendant is not now in a position to object to it. *McDermott* v. *Severe,* 202 U. S. 600, 610; *United States* v. *U. S. Fidelity Co.,* 236 U. S. 512, 529; *Norfolk & Western Ry. Co.* v. *Earnest,* 229 U. S. 114, 119-120.

This disposes of the only contention made by the defendant in this Court.

*Judgment affirmed.*