## JACKSON v. UNITED STATES.
### No. 10924.

United States Court of Appeals
Sixth Circuit.

April 18, 1950.

Writ of Certiorari Denied June 5, 1950.

See 70 S.Ct. 1031.

Harry A. Abrams, Cincinnati, Ohio (Oldham Clarke and A. Shelby Winstead, Louisville, Ky., of counsel), for appellant.

William J. Dammarell, Cincinnati, Ohio (Ray O'Donnell, U. S. Atty., Cincinnati, Ohio, of counsel), for the United States.

Before SIMONS, ALLEN and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

The principal question presented by appellant's petition for rehearing is whether or not the decision of this court in Ross v. United States, 180 F.2d 160, 166, decided February 14, 1950 requires reversal of the judgment in this case. In the Ross case this court reversed a judgment of the District Court for error in charging the jury, and appellant contends that the trial court here committed the same error. In the Ross case the court charged the jury that it should "investigate * * * all of the evidence brought before you here on behalf of the government * * *." As there pointed out, "The error was accentuated by the subsequent instruction: 'You should consider whether any of those testifying on behalf of the United States are actuated by any motive other than to tell the truth * * *'" and the court held that the jury should have been charged that it must consider "*all* the evidence in the case in determining the guilt or innocence of the accused, and should not have limited the last quoted instruction to the government's witnesses."

In the instant case, the court charged the jury, as in the Ross case, that it "should consider whether any of those testifying on behalf of the United States were actuated by any motive other than to tell the truth. * * *" But in addition the court charged exactly as the Ross case held must be done, that "You should consider all of the evidence in the case, the testimony of all the witnesses, the exhibits that have been introduced. * * *" The Ross case, therefore, so far from requiring reversal, approves the instruction given by the District Court in the instant case.

Appellant also urges that he was convicted of a crime not charged in the

indictment. The indictment charged that the appellant on or about February 28, 1946, "did have in his possession and did dispose of in Cincinnati, Southern District of Ohio, Western Division, certain peices of jewelry which had been transported in interstate commerce from Pompano Beach, Florida, to Cincinnati, Ohio; said jewelry having a total value in excess of Five Thousand ($5,000) Dollars * * *," and this part of the indictment was read to the jury by the court.

While the court inadvertently read that part of § 416, 18 U.S.C. which relates to transportation of stolen goods in interstate commerce, the only question submitted to the jury was a question covered by the indictment. The court said:

"Now, as I understand it here, there is only one issue for the jury to determine. The defense counsel has stipulated and admitted in argument, and it has been so testified here, that the four exhibits before the jury there, were stolen in Florida. It is admitted and stipulated that the defendant on trial had possession of those four articles. The statutory amount of $5,000 is admitted by the defendant and his counsel in argument that the jewels in question exceeded the statutory amount. All those questions the jury is bound to accept and are not open to discussion at all.

"The sole question for the jury to arrive at in view of the stipulations, arguments of defense counsel and admissions of defense counsel, plus the testimony here, is whether the defendant, William Henry Jackson, possessed those jewels and sold those jewels knowing them to have been stolen. Does that state the matter?"

To this question defense counsel answered, "That is absolutely correct."

It is plain that the issue submitted to the jury was that covered both by the indictment and by the paragraph of § 416, 18 U.S.C., now § 2315, new 18 U.S.C., 18 U.S.C.A. § 2315, which relates to receiving, concealing and disposing of stolen property moving in interstate commerce knowing the same to have been stolen.

On the question of the validity of the indictment we adhere to our holding announced in our previous opinion.

The opinion in this case is amended by striking from page 2 the last sentence in the second paragraph, and substituting therefor the following:

When asked how many aliases he had used, he said: "I would have no way of knowing."

The petition for rehearing is denied.