UNITED STATES of America,
Plaintiff-Appellee,

v.

Frank DE MARIE, Defendant-Appellant.

No. 11506.

United States Court of Appeals
Seventh Circuit.

Nov. 7, 1955.

Rehearing Denied Nov. 29, 1955.

784

Maurice J. Walsh, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Edward J. Calihan, Jr., John Peter Lulinski, Anna R. Lavin, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

The defendant and his alleged accomplice, Mario Garelli, were indicted for

unlawfully buying and selling narcotic drugs not in their original stamped packages and without a written order from the purchaser, and with having fraudulently and knowingly received, concealed and facilitated the transportation and concealment of narcotic drugs, in violation of the Narcotic Drugs Import and Export Act, 21 U.S.C.A. § 174, and the Internal Revenue Code, 26 U.S.C.A. §§ 2553(a) and 2554(a) and 26 U.S.C.A. §§ 4704(a) and 4705(a). Garelli, the alleged accomplice, pleaded guilty. The defendant pleaded not guilty, was tried by a jury and found guilty.

The errors claimed on this appeal are the trial judge's refusal to grant defendant's motions for acquittal at the close of the Government's case and again at the close of all the evidence, and the denial of defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The first substantive ground for these motions was the defendant's claim that the evidence sustained the defense of entrapment as a matter of law.

Acting on instructions from federal narcotics agents, Anthony Annerino, an informer, contacted the defendant by telephone and told him that he wanted to purchase narcotics. At a meeting arranged in the City of Chicago, Annerino and Narcotics Agent Marin met the defendant, and Annerino purchased narcotics from defendant. This occurred twice during February of 1954. Annerino testified that he had known De Marie for about five years, that in October 1953 he had asked De Marie about procuring narcotics and De Marie promised to take care of him; that on or about January 23, 1954, he again had a conversation with De Marie in which he told De Marie he wanted five ounces of heroin, and that De Marie then gave him his telephone number and explained how and when to order the heroin by phone. While the testimony of Annerino was not too definite as to the dates on which he first contacted De Marie as to the purchase of narcotics, his testimony furnished a sufficient basis for the jury to find that he contacted De Marie to purchase narcotics before he (Annerino) had been approached by the narcotics agents and had been asked to assist them in securing evidence of violations of the narcotics laws by the defendant.

There is no entrapment unless the intent to commit the crime initiated in the minds of the Government officers and was transferred by them to the mind of the defendant. To raise the defense successfully the defendant must show that he had no intention of committing the crime until induced to do so by, or on behalf of, Government officers. United States v. Cerone, 7 Cir., 150 F.2d 382, certiorari denied 326 U.S. 756, 66 S.Ct. 97, 90 L.Ed. 454. In the instant case there was evidence that the defendant was not only contemplating selling narcotics to Annerino but that he had even offered to do so before Government agents approached Annerino. Where the officers only furnished the defendant with an opportunity to carry out a crime which he was already willing to commit, there is no entrapment. United States v. Spadafora, 7 Cir., 181 F.2d 957, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650; Louie Hung v. United States, 9 Cir., 111 F.2d 325. Here there was substantial evidence from which the jury could and did find that the defendant intended to sell narcotics before he was approached on behalf of the federal narcotics agents. Lunsford v. United States, 10 Cir., 200 F.2d 237. It was, therefore, proper for the trial judge to submit the question of entrapment to the jury, and the jury was justified in finding that entrapment did not exist.

While Annerino was on the witness stand, the Government attorney on redirect examination asked the following question:

"One question further, Mr. Annerino, did you know at the time you talked to Agent Durham in the lobby of the Morrison Hotel here in Chicago, Illinois, did you know prior to that time whether Frank De Marie was engaged in transactions relative to narcotics?"

The defense attorney objected to the question and asked the judge to declare a mistrial. The judge overruled the objection, and then asked the attorney conducting the prosecution if he knew how the witness would answer. The attorney turned his back to the jury, walked toward the bench, nodded his head and formed the word, "Yes," on his lips without speaking it audibly. The defense attorney then again asked that a juror be withdrawn and a mistrial declared, and stated for the record that the prosecutor had indicated that Annerino would have answered, "Yes," to the question. The judge then said: "Now you just told the jury what he did expect, which the jury didn't know." The Government attorney stated that by so indicating an affirmative answer to the court he only intended to say, "Yes," that he did know what answer Annerino would give to the question. The trial judge then refused defendant's demand that a mistrial be declared, saying that the only improper statement which the jury had seen or heard had been the defense attorney's unreasonable interpretation of the prosecutor's acts which he expressed in the presence of the jury. The court then said to the defense attorney: "You can't put error in the record and then ask to have a juror withdrawn on that ground." After the defense objected to this statement, the judge said: "You said something which hadn't been said. If it was said, the jury hadn't seen or heard * * *."

■ The defendant claims that he was also prejudiced by the court's "rebuke" of the defense attorney during the discussion of the prosecutor's answer to the judge's question as to whether he knew what answer Annerino would make to the question as to whether or not Annerino knew when he first talked to Durham that De Marie "was engaged in transactions relative to narcotics."

The defense attorney's interpretation of the prosecuting attorney's answer was not a reasonable one, and we agree with the trial judge that if any prejudicial statements were made before the jury, they were made by the defense attorney.

The judge's statements were not a "rebuke" as defendant claims, but simply an attempt to explain why he was overruling the defendant's insistent motions that a juror be dismissed and a mistrial declared.

■ The only "rebuke" of the defense attorney by the court we find in this record followed a statement by defense counsel that the Government attorney, by his questioning of Annerino on redirect examination, was attempting "to induce the witness to change his testimony." The court was fully justified in saying to defense counsel, "That is an improper remark in the presence of the jury, and don't repeat it." Defense counsel admitted his error by apologizing to the court.

In his instructions to the jury the court told the jury that:

"The responsibility rests upon you to determine the facts of this case, under the law as the Court may give it to you, uninfluenced by any expression of opinion that the Court has made or may hereafter make upon matters of fact. The Court has not intended at any time during the trial of this case, and does not intend at any time to express any opinion on any matter of fact, and if the Court has expressed or does express any opinion on any matter of fact you are at liberty to disregard such opinion, and it is your duty to disregard it, if it is different from your own opinion.

\* \* \* \* \* \*

"During the trial of a law suit it often becomes the duty of counsel for the parties to object to questions or to evidence, and I instruct you that you shall not take into consideration against such party either such objection or the number of them, nor permit yourselves to be in any way influenced by such objections against the parties."

The judge gave an instruction on entrapment, tendered by the defendant, which said among other things that en-

trapment if found would be a complete defense. Later in the charge the court gave the following instruction as to the statutory presumptions in narcotics cases where the defendant is charged with violation of 21 U.S.C.A. § 174:

"The Court further instructs you that if you believe from all the evidence and beyond a reasonable doubt that the defendant De Marie had possession of the narcotic drugs as charged in Counts Three and Six, you are authorized to find him guilty under Counts Three and Six unless he has explained such possession to your satisfaction. * * *"

■■ The defendant did not at the trial and does not here object to the law as explained in this instruction. He claims only that because it was read to the jury after the instruction on entrapment it nullified the effect of the instruction that entrapment is a complete defense. Of course, we need not now consider objections which were not made before the jury retired. Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. provides that "* * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *" The purpose of this rule is to give the trial judge an opportunity to correct any error in the instructions.

■■ The only ruling on instructions validly before us is the court's refusal to follow the suggestion of defense counsel as to the order in which the instructions should be given. When counsel were discussing the instructions with the court, counsel for the defense said: "It is my suggestion, Your Honor, that so far as the entrapment instruction is concerned, I would like to have it read to the jury as near to the end of the instructions as possible, so that its effect will not be lessened." The court refused this request, saying that he was going to give the instructions in as nearly logical or-

der as possible without "trying to favor anybody." It is well settled that on review we must consider the instructions as a whole. Boyd v. United States, 271 U.S. 104, 46 S.Ct. 442, 70 L.Ed. 857; United States v. Wicoff, 7 Cir., 187 F.2d 886. The instructions given by the court on statutory presumptions correctly stated the law and were not in conflict with the charge that entrapment is a complete defense. It did not matter which instruction was given first. The order of giving these instructions was within the discretion of the trial judge. Neither party has the right to insist that his proposed instructions be given before or after those proposed by his opponent.

The defendant's final claim of error was that the trial court admitted evidence of a prior sale of narcotics by the defendant on January 25, 1954, which "vaguely, uncertainly and incompletely indicated a prior offense not charged in the indictment." The evidence of this prior offense was first brought into the record by the defendant's attorney in his cross-examination of the witness, Annerino. In answer to the questions of the defendant's attorney Annerino testified to the prior "sample" purchase from the defendant and Garelli of one ounce of narcotics for $90.00, "to see what kind of stuff it was." Annerino testified that he made arrangements for this purchase with the defendant by telephone after calling the telephone number which the defendant had given him to use when he wanted to make a purchase of narcotics. Annerino further testified that Marin, a narcotics agent, furnished him with the $90.00 purchase price for the narcotics and was with him when he met the defendant and Garelli; and that at that meeting Garelli handed the defendant the little package which the defendant, in turn, handed to him (Annerino), who then paid the purchase price to the defendant. Defendant's counsel made no objection of any kind to these answers of the witness.

The Government's witness, Durham, a narcotics agent, on his direct examination was asked questions to corroborate

Annerino's testimony as to Annerino's phone conversation with a person who was identified by Annerino's testimony as being Frank De Marie. Durham testified that in that conversation arrangements were made for a "sample" purchase on January 25, 1954. Agent Durham further testified that he heard that conversation in which a meeting for a purchase was arranged; that he followed Annerino to the agreed meeting place; and that he there witnessed a meeting between Annerino and the defendant. Durham did not testify as to the purchase.

The first objection which the defendant's attorney made to the testimony of Durham relating to the above described phone conversation of Annerino was that the witness was not familiar with De Marie's voice, and only knew from what Annerino said that it was De Marie talking to Annerino. This was not a valid objection because Durham did not say that it was De Marie who was talking to Annerino.

The next objection made by defendant's counsel to Durham's testimony was that Durham was not testifying as to the same conversation as described by Annerino. Defense counsel based this objection on slight variations between Durham's testimony and that of Annerino as to just what was said. But, as the trial judge pointed out, there were bound to be slight variations in the testimony of two witnesses trying to describe the same conversation.

After Durham described the movements of Annerino in going to the meeting place and the meeting with De Marie, the defendant's attorney said: "I object to all of this, Your Honor, and move that it be stricken. It is apparently an attempt to prove an offense not charged in the indictment."

Defense counsel then asked the Government attorney if the Government was trying to prove another offense and was told that the Government was only corroborating the story of its witness, Annerino. The defendant's attorney then

said: "I object to that, that was not the direct testimony of Annerino at all." Defendant's attorney was again apparently relying on slight differences in the stories of the two witnesses.

As we have shown above, the entire story of Annerino's "sample" purchase of narcotics from the defendant was placed before the jury by the defendant's attorney in his cross-examination of Annerino. Certainly a party cannot complain of evidence which his attorney has put in the record.

As to the testimony of Agent Durham, no valid objection was made at the proper time to any of his testimony and in the absence of a valid objection made at the proper time, a party may not on appeal claim that the introduction of such evidence was error.

We find no prejudicial error in this record. The judgment of the District Court is

Affirmed.