**Winfield Cleveland CONLEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13411.**

United States Court of Appeals
Sixth Circuit.

July 22, 1958.

John E. Smallwood, George E. Zimmerman (of White & Zimmerman), Dayton, Ohio, for appellant.

H. Donald Hawkins, Asst. U. S. Atty., Dayton, Ohio, Hugh K. Martin, U. S. Atty., Dayton, Ohio, on brief, for appellee.

Before MILLER and STEWART, Circuit Judges, and JONES, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant was charged in counts one and two of a three-count indictment with forging in each instance a United States Savings Bond, specifically described therein, which was registered in the name of Leonard Tarvin, by endorsing thereon the name of Leonard Tarvin, for the purpose of receiving a sum of money from the United States. The third count charged appellant with passing as true and genuine the two forged bonds, knowing them to be forged, and intending thereby to defraud the United States. Section 495, Title 18 U.S.Code. Following a trial by jury and verdicts of guilty on counts one and two and not guilty on count three, he received a sentence of two years on each of counts one and two, to run concurrently, followed by this appeal.

Appellant admitted in his testimony that he obtained the two bonds from the trunk of Tarvin's car, while Tarvin was hospitalized, presented the bonds to the bank with papers identifying himself as Tarvin, signed Tarvin's name on them and received the money for them from the bank. The bank was later reimbursed by the Government. Appellant testified that he was authorized by Tarvin to do so for the purpose of Tarvin making a loan to him, and that after obtaining the money he took it to Tarvin, who then loaned to appellant half of the money so obtained. Tarvin denied that he gave appellant such authority or that he received the money or loaned any of

it to appellant. This factual issue of appellant's authority to sign Tarvin's name was submitted to and decided by the jury adversely to appellant's contention.

 We agree with appellant's contention, that in view of his testimony that he was authorized by Tarvin to sign Tarvin's name for the purpose of cashing the bonds, it was part of the Government's case to prove that the signing of Tarvin's name was not authorized, rather than to place the burden of proof upon appellant that he had such authority. We do not agree with his further contention that the District Judge incorrectly placed the burden of proof on this issue upon the appellant rather than upon the Government. The District Judge instructed the jury that if it believed appellant's story that he was authorized by Tarvin to sign and cash the bonds, or if it created a reasonable doubt as to the guilt of the defendant, the jury should find him not guilty. He also instructed the jury that appellant's plea of not guilty put in issue all of the elements which were essential for the United States to establish beyond a reasonable doubt and that the burden of proof was never upon the accused to establish his innocence or to disprove the facts necessary to establish the crime for which he was indicted.

Appellant contends that the District Judge erred to his prejudice in his charge to the jury by stating to the jury that since the appellant admitted that he represented himself to be Tarvin, signed Tarvin's name and received the cash for the bonds, "the signing or forging and uttering and publishing are not in question." The District Judge also stated, "Now, by forgery we mean writing—briefly stated, by forging we mean writing somebody else's name." The point is made that the District Judge erroneously used the words "signing" and "forging" synonymously. We agree with appellant that the words were not synonymous under the circumstances of this case, since appellant claimed he had the necessary authority to sign Tarvin's

name. United States v. Brown, 2 Cir., 236 F.2d 403, 405.

However, appellant's contention disregards the fact that immediately preceding the first of the two statements above complained of, the District Judge stated. "The defendant has admitted *some* of the essential elements of forgery." (Emphasis added.) and that immediately following the words complained of, he told the jury that the statute used the phrase "with intent to defraud the United States," that the indictment charged that appellant forged the name of Tarvin "with intent to defraud the United States," and that intent was an essential element of the case and must be proven by all the evidence beyond a reasonable doubt.

 So much of the instruction which stated that both the statute and the indictment used the phrase "with intent to defraud the United States" was technically incorrect, since the first paragraph of Section 495, Title 18 U.S.Code, upon which counts 1 and 2 of the indictment were based, does not contain those words, and those counts of the indictment did not so charge. The second paragraph of Section 495, upon which count 3 was based, does contain those words, and the instruction should have been limited to count 3. However, such error was favorable to the appellant rather than prejudicial. United States v. Rossi, 2 Cir., 219 F.2d 612, 614, certiorari denied 349 U.S. 938, 75 S.Ct. 782, 99 L.Ed. 1266; Finn v. United States, 9 Cir., 219 F.2d 894, 902, certiorari denied 349 U.S. 906, 75 S.Ct. 583, 99 L.Ed. 1242. Nevertheless, the jury was so instructed with the result that the jury was told, in effect, that notwithstanding the Court's definition of forgery in the abstract, it was necessary, insofar as this case was concerned, for the Government to prove more than the mere signing of Tarvin's name.

Appellee contends that the instructions considered in their entirety in the light of the evidence were not erroneous. United States v. Kirby, 2 Cir., 176 F.2d 101, 104; Haskell v. United States,

10 Cir., 241 F.2d 790, 794, certiorari denied 354 U.S. 921, 77 S.Ct. 1379, 1 L.Ed.2d 1436; Boyd v. United States, 271 U.S. 104, 46 S.Ct. 442, 70 L.Ed. 857. There is considerable merit in this contention. The crucial factual issue in the case was whether appellant was authorized to sign Tarvin's name. The case turned on that issue. The evidence was directed to that issue. That issue was expressly submitted to the jury by the Court's instruction that if the jury believed appellant's testimony that he was authorized by Tarvin to cash the bonds, it should find him not guilty. It is difficult for us to believe that the jury did not realize from the evidence and from the instructions as a whole that although the appellant admitted that he signed Tarvin's name, it was necessary to also find that he did it without authority, even though a portion of the Court's instructions considered separately incorrectly defined from a legal viewpoint the meaning of the word "forgery." United States v. Marachowsky, 7 Cir., 201 F. 2d 5, 17; Imholte v. United States, 8 Cir., 226 F.2d 585, 590–591; United States v. Newman, 2 Cir., 143 F.2d 389; Wolcher v. United States, 9 Cir., 218 F.2d 505, 507–508.

■ It is unnecessary to decide this question. Appellant made no objection to the instructions as given, as required by Rule 30, Rules of Criminal Procedure, 18 U.S.C. Gariepy v. United States, 6 Cir., 220 F.2d 252, 261–262, certiorari denied 350 U.S. 825, 76 S.Ct. 53, 100 L.Ed. 737. The case does not present those exceptional circumstances wherein appellate courts in the public interest on their own motion notice errors in instructions to which no objection was made. Rule 52(b), Rules of Criminal Procedure. Boyd v. United States, supra, 271 U.S. 104, 107–108, 46 S.Ct. 442; Jackson v. United States, 6 Cir., 179 F. 2d 842, 843, rehearing denied 6 Cir., 181 F.2d 822, certiorari denied 339 U.S. 981, 70 S.Ct. 1031, 94 L.Ed. 1385; Herzog v. United States, 9 Cir., 235 F.2d 664, certiorari denied 352 U.S. 844, 77 S.

Ct. 54, 1 L.Ed.2d 59; United States v. Williams, 2 Cir., 146 F.2d 651.

■ We find no merit in appellant's further contention that the judgment should be reversed because the verdicts of guilty on counts 1 and 2 are inconsistent with the verdict of not guilty on count 3. Murphy v. United States, 6 Cir., 133 F.2d 622, 627; United States v. Coplon, 2 Cir., 185 F.2d 629, 633.

The judgment is affirmed.