**Louis FIANO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16176.**

United States Court of Appeals Ninth Circuit.

Oct. 22, 1959.

Rehearing Denied Dec. 7, 1959.

See, also, 259 F.2d 135.

William Strong, Beverly Hills, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Ronald S. Rosen, Robert John Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, MARIS and BARNES, Circuit Judges.

STEPHENS, Circuit Judge.

Louis Fiano, whose family name is Louis Friedman, was convicted in the United States District Court of violating the Federal Narcotics Act (Title 21 U.S.C.A. § 174). The conviction is based upon an indictment charging Fiano with knowingly and unlawfully selling and facilitating the sale of heroin to Stephen F. Giorgio, a government under-cover agent. The agent was operating under the assumed name of Louis Di Stephano. Fiano is appealing from the conviction and judgment.

The agent and Fiano became acquainted in a Los Angeles restaurant called "Lucy's", where Fiano was an employee in charge of a part of the restaurant. It is agreed that the two met in the establishment many times and the government claimed through the agent's testimony, which was denied by Fiano, that they talked in a guarded and round-about manner and later more directly about a deal between them wherein the agent agreed to buy and Fiano agreed to sell the agent a comparatively large amount of heroin for the sum of Seventy-Five Hundred Dollars ($7500.00). That later the sum was delivered by the agent to Fiano who told the agent that the heroin would be delivered later. According to the agent, in due time Fiano telephoned a cryptic message to him to go to Lucy's. There, still according to the agent, the two met and the following took place:

. Fiano said that his people would use the agent's car for a few minutes. The car was parked in the restaurant parking lot. The agent said, "You will need the keys," and Fiano said he would not need them. At this time, two of the agent's assistants were stationed in hiding places on the lot. One of the assistants testified that he saw the agent and Fiano come from the back of the restaurant and Fiano walked toward agent's car. He was in such a position that he lost sight of Fiano for about two minutes. Fiano then rejoined the agent.

At this point the agent testified that Fiano told him the heroin was under the driver's seat of his car. The car was not taken from the parking place where the agent had left it. The agent then drove his car to his apartment where he discovered a package under the seat and that the package contained heroin. The arrest and indictment followed. We hold that the evidence supported the verdict of guilty.

One of the points on appeal relates to a ruling by the trial court refusing to admit two documents into evidence tendered by the defense, upon the ground that it had not been established that the witness, who had the documents in his immediate possession, had been shown to be their legal custodian, or that the documents were records regularly kept by a Las Vegas hotel. It was claimed by the defense that one of the documents was a hotel bill and the other was a hotel registration card. Each, it was claimed, indicated that Fiano was in Nevada on the very day the alleged

agreement as to the sale and purchase of the heroin was made. The point involves the application of the Federal Business Records Act, 28 U.S.C.A. § 1732, and we quote the essential portions thereof:

[Business records shall be admissible in evidence]

"* * * if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter.

"All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility."

Charles Blackburn was called as a witness by defendant-appellant and testified on voir dire.

The court ruled that the hotel clerk's testimony on voir dire was not sufficient to establish that the proffered exhibits were entitled to come into evidence. Whether this was error, we need not decide, since upon the ruling the defendant went no further except to withdraw the tender and made no offer of proof.

There is a long standing rule that where evidence has been offered and rejected by the trial court, the correctness of the ruling cannot be questioned on appeal unless offer of proof has been made in the trial court. As that Nestor of the Eighth Circuit Court of Appeals, Judge Gardner said in Cropper v. Titanium, Pigment Co., 47 F.2d 1038, 1042, 78 A.L.R. 737, "This rule requiring a party who seeks to review the ruling of a court on rejection of testimony to make a proffer of proof is not a mere arbitrary technical rule, but a practical one, very essential to the orderly administration of justice."

Closely akin to the point we have just discussed is appellant's second point that the trial court erred in the admission of testimony. The answer is that the testimony complained of was not objected to. As the government says in its brief:

"Apparently appellant saw nothing harmful in such evidence at the time of trial. He cannot now complain, when he gave the trial court no opportunity to rule on the admissibility of those matters he now claims prejudiced his cause. As was succinctly stated by the court in United States v. De Marie, 226 F.2d 783, 788 (7th Cir., 1955): '* * * in absence of a valid objection made at the proper time, a party may not on appeal claim that the introduction of such evidence was error.' Cf. Anthony v. United States, 256 F.2d 50 (9th Cir., 1958)."

This point like several other points that follow have no substantial merit.

Judgment affirmed.