**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Walter DACHSTEINER, Defendant-Appellant.**

**No. 73–1490.**

United States Court of Appeals, Ninth Circuit.

Jan. 28, 1975.

Certiorari Denied April 28, 1975.

See 95 S.Ct. 1688.

Steven S. Hurwitz, San Francisco, Cal. (argued), for defendant-appellant.

Donald H. Feige (argued), Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before GOODWIN and WALLACE, Circuit Judges, and KELLEHER,* District Judge.

## OPINION

WALLACE, Circuit Judge:

Dachsteiner was convicted on 17 counts of mailing obscene matter under 18 U.S.C. § 1461. He was sentenced to 18 months imprisonment on each count, the sentences to run concurrently, and fined $2,500 on the first count alone. Dachsteiner appeals and we affirm.

Dachsteiner challenges his conviction primarily on three grounds. First, he argues that the trial court committed prejudicial error when it instructed the jury to determine obscenity according to national standards. Second, he claims that the advertisement that formed the basis for the first count of his conviction is not obscene because it does not portray sexual activity. Third, he contends that the government did not introduce sufficient evidence of obscenity.

## I. The Instructions on National Standards of Obscenity

Since Dachsteiner's conviction was on appeal at the time Miller v. Cali-

fornia, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973) and United States v. 12 200-ft. Reels of Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973), were decided, he may obtain the benefit of the new standards of obscenity established by these cases. Hamling v. United States, 418 U.S. 87, 100, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). These new standards allow obscenity to be determined according to "contemporary community standards" instead of national standards. Miller v. California, *supra*, 413 U.S. at 30–34, 37, 93 S.Ct. 2607. In addition, in prosecutions for mailing obscene material in violation of 18 U.S.C. § 1461, contemporary community standards must be applied as a matter of statutory construction. Hamling v. United States, *supra*, 418 U.S. at 104–107, 94 S.Ct. 2887; *see* United States v. 12 200-ft. Reels of Film, *supra*, 413 U.S. at 130 & n. 7, 93 S.Ct. 2665. Therefore, the trial court's instructions using "contemporary national community standards" were in error; Dachsteiner's conviction must be overturned if this error were prejudicial.

In *Hamling,* the Supreme Court held a similar instruction on national standards not to be prejudicial. The Court reasoned that the purpose of instructions on community standards is "to assure that the material is judged neither on the basis of each juror's personal opinion, [nor] by its effect on a particularly sensitive or insensitive person or group." Hamling v. United States, *supra*, 418 U.S. at 107, 94 S.Ct. at 2902. The Court held that instruction on national standards serve this purpose as well as instructions on local standards. *Id.* To determine whether the error is prejudicial, the Court applied the following test:

> We have frequently held that jury instructions are to be judged as a whole, rather than by picking isolated phrases from them. Boyd v. United States, 271 U.S. 104, 107, 46 S.Ct. 442, 443, 70 L.Ed. 857 (1926). In the unusual posture of this case, in which petitioners agree that the challenged

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

instruction was proper at the time it was given by the District Court, but now seek to claim the benefit of a change in the law which casts doubt on the correctness or portions of it, we hold that reversal is required only where there is a probability that the excision of the references to the "country as a whole" in the instruction dealing with community standards would have materially affected the deliberations of the jury.

*Id.* (Citations omitted.)

■ Arguing that the instructions on national standards constitute prejudicial error, Dachsteiner asserts that the relevant community in this case is San Francisco. He offers no argument or evidence to support that position but, in any case, the issue itself is immaterial. The geographical limits of the community need not be defined when dealing with "the average person applying contemporary community standards." We permit "a juror sitting in obscenity cases to draw on knowledge of the community or vicinage from which he comes" and to apply that knowledge to the facts of the case before him. Hamling v. United States, *supra*, 418 U.S. at 104, 94 S.Ct. 2887. Because the jurors in this case resided in the Northern District of California, they will draw upon their knowledge which may be representative of that area. Neither *Miller* nor *Hamling*, however, requires the trial court to define the relevant community in metes and bounds. *Cf.* Jenkins v. Georgia, 418 U.S. 153, 156, 94 S.Ct. 2750, 41 L.Ed.2d 640 (1974). Likewise, in deciding whether the district court committed prejudicial error, we need not define the relevant community in precise geographical terms.

■ Judging from the evidence, arguments and instructions in this case, Dachsteiner was not significantly prejudiced by the trial judge's erroneous instructions on national standards. The record contains no evidence that would have tended to persuade the jury that national standards of obscenity are more strict than those in the Northern District of California. Indeed, there was evidence at trial to local standards and their similarity to national standards. In *Hamling*, the Court relied on similar evidence in finding no prejudicial error. 418 U.S. at 107, 94 S.Ct. 2887.

Nor does the record reveal that the district court erroneously excluded evidence of local standards. The one evidentiary ruling questioned by Dachsteiner concerns his request that the jury be taken to pornographic movie theaters and bookstores in San Francisco. The trial judge refused this request for reasons unrelated to the proper standard for determining obscenity. He correctly ruled that, standing alone, such evidence was irrelevant to the obscenity of the materials before the court. Hamling v. United States, *supra*, 418 U.S. at 123, 94 S.Ct. 2887.

Finally, we cannot accept Dachsteiner's argument that he should be given an opportunity to submit evidence of community standards of obscenity because his trial was completed before the community standards rule of *Miller* and *12 200-ft. Reels of Film* was announced. This argument is foreclosed by *Hamling*. There, the trial was also completed before *Miller* and *12 200-ft. Reels of Film* were decided. 418 U.S. at 97, 94 S.Ct. 2887. The Supreme Court nevertheless found an absence of prejudicial error, relying only on the record before it. 418 U.S. at 107, 94 S.Ct. 2887. We do likewise here. Having examined the record, we find no indication that the erroneous instructions in this case "materially affected the deliberations of the jury." *Id.*

## II. *The Conviction on Count I*

■ Dachsteiner argues that the advertisement of count I is not obscene because it does not portray sexual activity. We reject this argument on the basis of Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966), which affirmed a conviction for several violations of 18 U.S.C. § 1461, among them three counts of mailing obscene advertisements. 383 U.S. at 464–465, 86 S.Ct. 942. The Court found the pandering intent of the advertisements crucial in deciding that the avertise-

ments were obscene. 383 U.S. at 468–471, 86 S.Ct. 942. These advertisements were far less obvious in their pandering than the advertisement involved in count I. *See* 383 U.S. at 468–469 n. 9, 86 S.Ct. 942. Dachsteiner's advertisement, for instance, contains statements such as the following, accompanied by photographs of men displaying their genitals: "GUARANTEE: If you don't see actual—not simulated—sexual activities in these films you get you money back!" Although contemporary community standards may have changed since Ginzburg was decided, the Supreme Court has continued to accept its holding that pandering is relevant to the issue of obscenity. *See* Hamling v. United States, *supra*, 418 U.S. at 130, 94 S.Ct. 2887; Redrup v. New York, 386 U.S. 767, 769, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967). Lewd and patently offensive exhibition of the genitals is within both the constitutional definition of obscenity and the prohibition of 18 U.S.C. § 1461. Miller v. California, *supra*, 413 U.S. at 25, 93 S.Ct. 2607; *see* Hamling v. United States, *supra*, 418 U.S. at 104, 94 S.Ct. 2887. The pandering of this advertisement may be taken into account and, along with the depictions themselves, is sufficient to establish both lewdness and patent offensiveness. Thus, portrayal of ultimate sexual acts is not a necessary ingredient of obscenity. *Id.*

### III. *Sufficiency of the Evidence*

■ Dachsteiner argues that the government introduced insufficient evidence of obscenity. The record reveals, however, that the advertisement of count I, which was found to be obscene, was introduced into evidence. The government may rely upon inferences from such material to support a finding of obscenity. Paris Adult Theatre I v. Slaton, 413 U.S. 49, 56, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); *Accord,* Hamling v. United States, *supra*, 418 U.S. at 104, 94 S.Ct. 2887 (dictum). There clearly was sufficient evidence of obscenity.

### IV. *Conclusion*

■ We have examined the advertisement that formed the basis for Dachsteiner's conviction on count I. It is obscene under either the pre-*Miller* or the post-*Miller* standards of obscenity. Since Dachsteiner's sentences on the remaining counts run concurrently with his prison term under count I, we need not consider issues relevant only to the remaining counts. United States v. Moore, 452 F.2d 576, 577 (9th Cir. 1971); *see* Benton v. Maryland, 395 U.S. 784, 787–793, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

Affirmed.