**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0199n.06

**No. 08-5609**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Mar 29, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JEANNIE LONGWELL, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| JOYCE ARNOLD, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE:  MERRITT, GIBBONS, and ROGERS, Circuit Judges.

**ROGERS, Circuit Judge.**  Jeannie Longwell, convicted by a Kentucky jury of complicity to commit first degree robbery, appeals the district court's denial of her application for a writ of habeas corpus.  Longwell argues that she was denied the right to a trial by jury because the trial judge failed to include the element of intent in the instruction on the complicity offense, thus precluding the jury from finding every element of the offense beyond a reasonable doubt.  Longwell also contends that, in any event, the evidence was not sufficient to sustain her conviction.  She emphasizes the fact that the jury acquitted her co-defendant of the same complicity offense.

The Supreme Court of Kentucky determined, consistent with clearly established federal law, that although the element of intent was missing from the challenged complicity instruction, the charge as a whole had sufficiently apprised the jury regarding Longwell's intent.  Moreover, the Supreme Court of Kentucky reasonably applied clearly established federal law in concluding that,

despite her co-defendant's acquittal, the evidence was sufficient to convict Longwell. Accordingly,

Longwell is not entitled to the habeas relief she seeks.

**I.**

Longwell does not dispute the facts as found by the Supreme Court of Kentucky:

> On December 5, 2001, [Longwell] and her boyfriend, Ray Shively, drove from Louisville to Proffitt's Department Store in Elizabethtown, Kentucky. While Shively waited in the car, [Longwell] entered the store and proceeded to hide numerous articles of clothing in her pants. Jonathon Goldsburg, the store's Loss Prevention Manager, observed [Longwell] shoplifting items from several areas of the store. Goldsburg called another Loss Prevention Manager, Chad Harrod, and both men confronted [Longwell] after she exited the store. While [Longwell] was arguing with Goldsburg and Harrod, Shively approached, armed with two knives. Shively ordered both men back into the store as [Longwell] ran to the car. Shively thereafter got into the passenger side of the car and [Longwell] sped away. After a lengthy car chase during which [Longwell] ran numerous traffic lights and ignored police sirens, six police cruisers blocked the car and she and Shively were apprehended. When police approached the vehicle, Shively was in the passenger seat holding the stolen clothing.
>
> [Longwell] and Shively were indicted in the Hardin Circuit Court for first-degree robbery ([Longwell] as an accomplice) and first-degree fleeing or evading police.

*Longwell v. Commonwealth*, No. 2003-SC-0623-TG, 2004 WL 1365995, at *1 (Ky. June 17, 2004).

Longwell and Shively's cases were tried together before a jury. Under Kentucky law, a

"person is guilty of robbery in the first degree when, in the course of committing theft, he uses or

threatens the immediate use of physical force upon another person with intent to accomplish the

theft" and is "armed with a deadly weapon." K.R.S. § 515.020(1)(b). With regard to accomplice

liability, or complicity, a

> person is guilty of an offense committed by another person when, *with the intention of promoting or facilitating the commission of the offense*, he:

(a) Solicits, commands, or engages in a conspiracy with such other person to commit the offense; or
(b) Aids, counsels, or attempts to aid such person in planning or committing the offense . . . .

*Id.* § 502.020(1)(a)-(b) (emphasis added).  Longwell admitted at trial that she had intended to

shoplift; her defense was based on her lack of intent as to the use or threatened use of physical force.

During a conference on proposed jury instructions, counsel for the two defendants, the

prosecutor, and the trial judge discussed at length the appropriate mental state for the complicity

instruction in Longwell's case.  Longwell's counsel objected to the proposed instruction on the

ground that "it's not in here that she intended to use force."  Longwell's counsel further objected,

"I don't think acquiesced is the correct term to show intent."  The trial judge noted this objection,

but declined to modify the instruction.  As to Longwell, the trial judge charged the jury in relevant

part as follows:

<u>Instruction No. 1</u>
<u>Definitions</u>
. . . .
<u>Complicity</u>—Means that a person is guilty of an offense committed by another person when, with the intention of promoting or facilitating the commission of the offense, he solicits, commands, or engages in a conspiracy with such other person to commit the offense, or aids, counsels, or attempts to aid such person in planning or committing the offense.
<u>Intentionally</u>—A person acts intentionally with respect to a result or to conduct when his conscious objective is to cause that result or to engage in that conduct.
. . . .
<u>Authorized Verdicts</u>
You shall find the Defendant not guilty under these Instructions unless you believe from the evidence beyond a reasonable doubt that she is guilty of one of the following offenses:
A. Complicity to Commit First-Degree Robbery

. . . .

Instruction No. 2
Complicity to Commit First-Degree Robbery

You will find the Defendant guilty of Complicity to Commit First-Degree Robbery under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt, the Defendant, alone or in complicity with another, committed all of the following:

A.  That in this county on or about December 5, 2001, and before the finding of the Indictment herein, she stole items of clothing from Proffitt's at Towne Mall, Elizabethtown, Kentucky;

B.  That in the course of so doing and with intent to accomplish the theft, she by herself or with the aid of Ray Shively used or threatened the immediate use of physical force upon Chad Harrod and Jonathon Goldsburg and that she acquiesced in his actions;[1]

AND

C.  That when she did so, Ray Shively was armed with two knives.

---

[1]The trial court derived the acquiescence language from *Commonwealth v. Smith*, 5 S.W.3d 126 (Ky. 1999), where the Supreme Court of Kentucky reversed a court of appeals decision that had itself reversed a defendant's first degree robbery conviction on sufficiency of the evidence grounds. *Id.* at 128, 130.  In reversing the defendant's conviction, the court of appeals had explained that there was no evidence the defendant had acted "in the course of committing a theft." *Id.* at 128.  Indeed, the defendant had "merely held a gun on the victim"—it was the defendant's cohort who had attempted the actual theft. *Id.*  But according to the Supreme Court of Kentucky:

[A] mere division of labor between robbers in the commission of the crime does not preclude conviction of each *as a principal*.  In so holding, we adhere to the common view that

Generally, all who are present at the commission of a robbery, rendering it countenance and encouragement, and ready to assist if needed, are liable as principal actors. *To be liable, the accused need not to have taken any money from the victim with his own hands*, or actually participated in any other act of force or violence; it is sufficient that he came and went with the robbers, was present when the robbery was committed, *and acquiesced therein*.

*Id.* at 129 (quoting 67 Am. Jur. 2d *Robbery* § 9) (first and third emphases added).

It is unclear why the trial court relied on *Smith*, which involved a first degree robbery conviction, in formulating the complicity instruction for Longwell's case.  Indeed, *Smith* suggests that Longwell could have been charged with first degree robbery instead of complicity.

During closing argument, both Longwell's counsel and the prosecutor addressed the issue of Longwell's intent. Specifically, Longwell's counsel asserted that, "[t]o determine that . . . complicity to commit robbery i[s] intentional, we have to find that [Longwell] had a conscious objective . . . to know that Mr. Shively was going to come up there with his knives against those two officers who had not even identified themselves." Longwell's counsel also argued that, although Longwell had intended to shoplift, she had not known that Shively would brandish the knives, nor had she "go[ne] in to intentionally rob the store."

After repeating the statutory definition of complicity, the prosecutor argued:

[A]cquiesced [in part B of the challenged instruction] means [Longwell] took advantage of Ray Shively's use of force to commit or to accomplish the robbery. Shively used the deadly weapons. If it weren't for the deadly weapons, she wouldn't have been able to make it to the car. That's where the robbery is. You can conclude from the evidence that Defendant Longwell formed the intent to commit the robbery when she saw the deadly weapons. . . . When Defendant Longwell was caught, she saw the deadly weapons, she formed the intent, and acquiesced to Ray Shively's conduct.

Moreover, while explaining the instructions in Shively's case, the prosecutor stated:

To find the intent in the case from the evidence you can conclude that both defendants formulated the plan before she went into the store to commit the robbery. Or when defendant Longwell exited the store, she formed the intent to commit the robbery when she was caught and then acquiesced in [Shively]'s actions of pulling the two knives and threatening the lives of [the loss prevention managers].

The jury convicted Longwell of the complicity offense. Shively, by contrast, was acquitted of the complicity offense but convicted of the lesser included offense of terroristic threatening.[2]

_____

[2]With regard to Shively, the trial judge had instructed the jury:
[Y]ou will find the defendant, Ray Shively, guilty of Complicity to Commit First

Longwell appealed her conviction to the Supreme Court of Kentucky, arguing that (1) she was denied the right to a trial by jury because the trial judge had not instructed the jury on the requisite intent for the complicity offense, i.e., the trial judge had not explained to the jury that they had to find beyond a reasonable doubt that Longwell had intended Shively to use or threaten the immediate use of force to accomplish the theft; and (2) the evidence was not sufficient to sustain her conviction because the Commonwealth had not proven that she had used force or intended Shively to use force to accomplish the theft.

The Supreme Court of Kentucky determined that the element of intent was in fact missing from the challenged complicity instruction. *Longwell*, 2004 WL 1365995, at *1-2. But because the charge elsewhere defined complicity, the charge as a whole had sufficiently apprised the jury that intent was an element of Longwell's offense. *Id.* at *2. Moreover, after "[v]iewing the evidence in the light most favorable to the Commonwealth," the court concluded that the evidence was sufficient to sustain Longwell's conviction, even though the jury had acquitted Shively. *Id.* at *2-4. The Supreme Court of Kentucky therefore affirmed Longwell's conviction and sentence. *Id.* at *4.

---

Degree Robbery under this instruction[] if and only if you believe from the evidence beyond a reasonable [doubt] all of the following:

    A. That in this county, on or about December 5, 2001, and before the finding of the indictment herein[,] Jeannie Longwell stole clothing from Proffit's [sic] store;

    B. [T]hat the defendant, Ray Shively[,] aided and assisted Jeannie Longwell in so doing by using or threatening the immediate use of physical force upon Chad Harrod and Jonathan Goldsberg [sic];

    C. [T]hat in aiding or assisting Jeannie Longwell, it was Ray Shively's intention that Jeannie Longwell commit theft from Proffit's [sic] store; and

    D. That when he did so he was armed with two knives.

Longwell then applied for habeas relief in federal district court, advancing the same two claims the Supreme Court of Kentucky had reviewed on direct appeal. After the magistrate judge issued a report and recommendations, the district court held a hearing to consider Longwell's objections and then allowed the parties to submit post-hearing briefs. Ultimately, the district court concluded that the Supreme Court of Kentucky's decision as to the challenged complicity instruction was not contrary to clearly established federal law. *Longwell v. Arnold*, 559 F. Supp. 2d 759, 763-64 (E.D. Ky. 2008). According to the district court, "the Supreme Court of Kentucky was following [United States] Supreme Court precedent when it looked to the instructions as a whole to determine whether the instructions were adequate." *Id.* at 763. Indeed, "a reading of the instruction[s] as a whole demonstrates that the jury had the intent element before it." *Id.* The district court also put the instructions in the context of the trial, and the court noted that closing arguments had also emphasized the issue of Longwell's intent. *Id.* at 763-64.

The district court next determined that the Supreme Court of Kentucky had reasonably applied clearly established federal law in concluding that the evidence was sufficient to convict Longwell. *Id.* at 767-69. The district court deemed a review of the trial transcripts unnecessary because "Longwell has not contested the facts in this matter." *Id.* at 769 n.1. Accordingly, the district court declined "to examine whether or not the Supreme Court of Kentucky's recitation of the facts is accurate," but rather "accept[ed] them without review." *Id.* (citing 28 U.S.C. § 2254(e)(1) and *Loveday v. Davis*, 697 F.2d 135, 139-40 (6th Cir. 1983)). The district court also concluded that any inconsistency in the verdict was not a sufficient basis for an award of habeas relief. *Id.* at 769.

After denying relief, the district court issued a certificate of appealability as to both issues in Longwell's habeas application. *See id.* at 770. Longwell now appeals.

**II.**

The Supreme Court of Kentucky's review of Longwell's conviction neither resulted in a decision contrary to nor involved an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Thus the district court properly determined that Longwell was not entitled to the habeas relief she seeks.

The Kentucky courts could reasonably conclude, considering the charge as a whole, that the trial judge made the jury sufficiently aware that they had to decide whether Longwell had formed the intent to commit the complicity offense. Before giving the challenged instruction, the trial judge defined complicity as requiring action taken "with the intention of promoting or facilitating the commission of" the underlying offense. The trial judge then explained what it means for a person to act intentionally. After defining a few more terms, the trial judge gave the challenged instruction, which itself directed the jurors to find Longwell guilty of complicity to commit first degree robbery "if and only if [they] believe[d] from the evidence[,] beyond a reasonable doubt, [that Longwell] alone or in complicity with another" had engaged in a series of acts that, when taken together, comprise robbery under Kentucky law. *See* K.R.S. § 515.020(1)(b). Assuming the jury followed the instructions, before they could conclude that Longwell had acted "in complicity with another," they would have had to conclude that Longwell had acted "with the intention of promoting or

facilitating the commission of the" robbery. Thus the charge as a whole sufficiently apprised the jury that intent was an element of the complicity offense.

The Supreme Court of Kentucky's conclusion that the jury received sufficient instruction on the element of intent conforms with clearly established federal law. It is a "well established proposition that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973) (citing *Boyd v. United States*, 271 U.S. 104, 107 (1926)); *see also Estelle v. McGuire*, 502 U.S. 62, 72 (1991). Indeed, the challenged instruction in this case "did not stand alone, but was to be taken in connection with what preceded it and also with what followed." *Boyd*, 271 U.S. at 107. Viewing the challenged instruction in the context of the overall charge, the Supreme Court of Kentucky's conclusion is not contrary to clearly established federal law.

Although not discussed by the Supreme Court of Kentucky, a review of the parties' closing arguments reinforces the conclusion that the issue of Longwell's intent was sufficiently put to the jury. When reviewing jury instructions, this court not only views a challenged instruction in the context of the charge, but "our task is also to view the charge itself as part of the whole trial." *United States v. Park*, 421 U.S. 658, 674 (1975); *see also Cupp*, 414 U.S. at 146-47. Indeed, "a judgment of conviction is commonly the culmination of a trial which includes testimony of witnesses, argument of counsel, receipt of exhibits in evidence, and instruction of the jury by the judge." *Cupp*, 414 U.S. at 147. In the instant case, both Longwell's counsel and the prosecutor emphasized the issue of Longwell's intent during their closing arguments. Thus, viewing the charge

in the context of the trial, it is even more evident that the Supreme Court of Kentucky's conclusion is not contrary to clearly established federal law.

Longwell argues that the reference to "acquiescence" in the challenged instruction implies that the jury could have convicted her based on a finding of mere acquiescence rather than intent. A careful reading, however, shows that acquiescence was required in addition to the use or threatened use of physical force, to which the intent requirement, previously set forth in the definition of complicity, applied. Moreover, the challenged instruction itself required the jury to find that when Longwell, "by herself or with the aid of Ray Shively[,] used or threatened the immediate use of physical force," she acted with the "intent to accomplish the theft."

Because the jury received sufficient instruction on the element of intent, Longwell's argument premised on *In re Winship*, 397 U.S. 358 (1970), fails. Longwell argues that the government must "prove every element of the offense beyond a reasonable doubt in order to convict a defendant." Longwell's Br. 9 (citing *Winship*, 397 U.S. at 364). Her argument continues, "If the court did not instruct the jury on every element of the offense, then it follows that the defendant could not properly be convicted." *Id.* (citing *Cabana v. Bullock*, 474 U.S. 376, 384 (1986) and *Sandstrom v. Montana*, 442 U.S. 510, 524 (1979)) (emphasis omitted). As explained, the Supreme Court of Kentucky reasonably found that the jury in this case was adequately instructed on every element.

Longwell also challenges the sufficiency of the evidence to sustain her conviction. She argues, more specifically, that the evidence was insufficient to prove beyond a reasonable doubt that

she had formed the requisite intent. Her challenge fails, however, because the Supreme Court of Kentucky reasonably applied clearly established federal law in deciding her sufficiency of the evidence claim. "[E]ven were we to conclude that a rational trier of fact could not have found [Longwell] guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (emphasis omitted); *see White v. Steele*, No. 08-5498, 2009 WL 4893144, at *2 (6th Cir. Dec. 21, 2009).

Neither trial transcripts nor evidentiary exhibits were included in the record below; the district court instead relied exclusively upon the Supreme Court of Kentucky's recitation of the relevant facts. *See Longwell*, 559 F. Supp. 2d at 768-69 & n.1. The evidence summarized by the Supreme Court of Kentucky, however, is sufficient in this case to conclude that the court reasonably applied clearly established federal law in deciding the sufficiency of the evidence claim. After noting that "a person's state of mind may be inferred from actions preceding and following the charged offense," *Longwell*, 2004 WL 1365995, at *3 (quoting *Parker v. Commonwealth*, 952 S.W.2d 209, 212 (Ky. 1997)), the Supreme Court of Kentucky provided this summary of the Commonwealth's evidence:

> (1) [Longwell] and Shively drove from Louisville to Proffitt's in Elizabethtown; (2) [Longwell] entered the store with the intention of shoplifting items to sell for money to support her drug habit; (2) [sic] Shively waited in the driver's seat of the car with the door open; (4) Shively, armed with two knives, approached Goldsburg and Harrod when they attempted to confront [Longwell]; (5) [Longwell] immediately thereafter ran to the car with the stolen items; (6) [Longwell] and Shively fled from the scene and were only apprehended after a lengthy police chase; and (7) police found Shively sitting in the car holding the stolen merchandise.

*Id.* According to the Supreme Court of Kentucky, "the jury could have reasonably concluded that [Longwell] and Shively had planned to commit the robbery before [Longwell] ever entered the store." *Id.* In the alternative, the jury may have concluded that Longwell's "acquiescence in Shively's use of force and their subsequent flight from the store was [sic] indicia of her intent that the robbery be committed." *Id.* Although Longwell emphasizes on appeal that Shively did not intend her to shoplift, and that she did not intend Shively to brandish the knives, the jury was not required to credit the co-defendants' testimony. Taking into account the Commonwealth's evidence, which the Supreme Court of Kentucky viewed in the light most favorable to the Commonwealth, *id.*, it was not unreasonable for the Supreme Court of Kentucky to conclude that the evidence was sufficient to sustain Longwell's conviction.

Longwell bases her primary challenge to the sufficiency of the evidence on the fact that the jury acquitted Shively of the complicity offense. But it is not clear that Longwell's conviction and Shively's acquittal add up to an inconsistent verdict. Rather, the jury may have concluded that, although Shively did not intend Longwell to shoplift, Longwell developed the intent that Shively use force to help her accomplish the theft.

Even if the verdict were inconsistent, United States Supreme Court precedent disposes of Longwell's challenge. "[T]he Supreme Court has repeatedly held that a jury may announce logically inconsistent verdicts in a criminal case." *United States v. Lawrence*, 555 F.3d 254, 261 (6th Cir. 2009) (quoting *United States v. Clemmer*, 918 F.2d 570, 573 (6th Cir. 1990)) (emphasis omitted). Indeed, "where truly inconsistent verdicts have been reached, '[t]he most that can be said . . . is that

the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.'" *United States v. Powell*, 469 U.S. 57, 64-65 (1984) (quoting *Dunn v. United States*, 284 U.S. 390, 393 (1932)) (alteration in original); *see United States v. Crayton*, 357 F.3d 560, 565 (6th Cir. 2004). Thus "[i]nconsistency in a verdict is not a sufficient reason for setting it aside." *Harris v. Rivera*, 454 U.S. 339, 345 (1981).

## III.

Because the Supreme Court of Kentucky's review of Longwell's conviction was neither contrary to nor involved an unreasonable application of clearly established federal law, we affirm the district court's denial of her application for habeas relief.