UNITED STATES of America, Appellee,

v.

Oscar VIAFARA–RODRIGUEZ,
Defendant-Appellant.

No. 664, Docket 83–1338.

United States Court of Appeals,
Second Circuit.

Argued Jan. 24, 1984.

Decided Feb. 28, 1984.

Thomas H. Nooter, New York City (Freeman, Nooter & Ginsberg, New York City, on brief), for defendant-appellant.

Dennis E. Milton, Asst. U.S. Atty., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., and L. Kevin Sheridan, Asst. U.S. Atty., Brooklyn, N.Y., on brief), for appellee.

Before MESKILL, NEWMAN and PRATT, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This appeal of a criminal conviction merits a brief opinion only to avoid future risks of ambiguity in instructing juries as. to what it is that must be proven beyond a reasonable doubt. Oscar Viafara-Rodriguez appeals from a judgment of the District Court for the Eastern District of New York (Thomas C. Platt, Judge) convicting him, after a jury trial, of importing and possessing cocaine with intent to distribute, in violation of 21 U.S.C. §§ 952(a) and 841(a)(1) (1982). Because we conclude that the trial judge adequately informed the jury that the Government's burden of proof applied to every element of the crimes charged, we affirm.

Appellant was arrested at John F. Kennedy International Airport after arrival on

a flight from Bogota, Columbia. A customs inspector discovered a pound of cocaine secreted in the shoes the appellant was wearing and in another pair of shoes in his suitcase. The sole issue disputed at trial was appellant's knowledge of the cocaine. The Government relied not only upon an inference from possession, but also upon the falsity of appellant's explanation to the customs official that he had purchased both pairs of shoes from a man selling shoes from a cart on an Avianca flight from New York to Bogota the previous week. The Government's evidence established that no such sales occurred on Avianca flights.

The challenged portion of the jury instruction included the following:

> The requirement of proof beyond a reasonable doubt operates on the whole case, and not on the separate bits of evidence. And each individual item of evidence need not be proven beyond a reasonable doubt.

Appellant contends that the reference to the "whole case" obscured the requirement that the Government's burden of proof applied to each element of the offenses charged and further contends that the balance of the charge failed to make this requirement clear.

■ It is settled that the Government's burden of proof beyond a reasonable doubt applies to each element of each offense charged. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979); *Davis v. United States*, 160 U.S. 469, 487, 16 S.Ct. 353, 358, 40 L.Ed. 499 (1895); *United States v. Gjurashaj*, 706 F.2d 395, 398 (2d Cir.1983). It is also true that the burden does not operate upon each of the many subsidiary facts on which the prosecution may collectively rely to persuade the jury that a particular element has been established beyond a reasonable doubt. *United States v. Valenti*, 134 F.2d 362, 364 (2d Cir.), *cert. denied*, 319 U.S. 761, 63 S.Ct. 1317, 87 L.Ed. 1712 (1943). The difficulty arises, in this and other contexts, when the language appel-

late courts use to articulate legal principles is lifted word for word from the *Federal Reporter* and inserted into jury instructions. In making the distinction between the appropriate and inappropriate role of the burden of proof, our Court said in *Valenti*, "The requirement of proof beyond a reasonable doubt ... operates on the whole case, and not on separate bits of evidence each of which need not be so proven . . . . " *Id.* Those are the words the District Judge used in the charge in this case. Unfortunately, the words were not well chosen in *Valenti*. Telling a jury that the burden operates on the "whole case" might be confusing; what is meant is that the defendant's guilt and each element of the offense charged must be proved beyond a reasonable doubt. Moreover, to say that the burden does not operate on "bits of evidence" is not helpful. Burdens of proof never operate on evidence; they operate on the ultimate facts or elements that the evidence is offered to prove. They also operate in some cases on special circumstances, necessary for conviction when in issue, such as proper venue, *United States v. Leong*, 536 F.2d 993, 996 (2d Cir.), *cert. denied*, 429 U.S. 924, 97 S.Ct. 325, 50 L.Ed.2d 293 (1976), or the occurrence of an act within the limitations period, *United States v. Hankin*, 607 F.2d 611, 612 (3rd Cir.1979), and also on some preliminary facts that must be established to make evidence admissible, *e.g.*, *Kastigar v. United States*, 406 U.S. 441, 446, 92 S.Ct. 1653, 1657, 32 L.Ed.2d 212 (1972) (independent source for immunized testimony); *United States v. Barry*, 518 F.2d 342 (2d Cir.1975) (voluntariness of a confession). The range of such matters suggests the hazard of attempting to tell the jury anything more than it needs to know in a particular case. That the burden applies to the defendant's guilt and to every element necessary to establish guilt will normally be sufficient.

We recently observed that trial judges "would be exceedingly well advised to use [the model instruction in 1 Devitt & Blackmar, *Federal Jury Practice and Instructions* § 11.14 (3d ed. 1977)] rather than

914

improvise variations upon it." *United States v. Ivic,* 700 F.2d 51, 69 (2d Cir.1983). After explaining "proof beyond a reasonable doubt" in section 11.14, the model instructions suggest informing the jury that the Government must prove beyond a reasonable doubt "that the defendant has committed every element of the offense with which he is charged," *id.* § 11.15. It is also recommended that the application of the burden of proof to each element be repeated at the point in the charge where the elements are set forth, *id.* § 13.04.

■ Viewing the charge as a whole, *see Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973), we are persuaded that the jury in this case fully understood the need to apply the burden of proof to each element of the offenses charged. The trial judge began his explanation of the elements by stating, "The essential elements of the crime charged in count 1 of the indictment which must be proven beyond a reasonable doubt, are ...." The same language was repeated in explaining the elements of the second count. Moreover, the Court emphasized that specific intent, which was the only seriously disputed element, "must be proved beyond a reasonable doubt." These explicit statements sufficiently removed any ambiguity that might have arisen from the earlier reference that the burden operated on the "whole case."

Appellant's remaining contentions are without merit.

The judgment of the District Court is affirmed.