UNITED STATES of America, Appellee,

v.

Vasilios GATZONIS, a/k/a "William," Defendant-Appellant.

No. 270, Docket 86–1172.

United States Court of Appeals, Second Circuit.

Argued Oct. 15, 1986.

Decided Nov. 7, 1986.

İrving Anolik, New York City, for defendant-appellant.

Cheryl L. Pollak, Brooklyn, N.Y., Asst. U.S. Atty., for E.D.N.Y. (Andrew J. Maloney, U.S. Atty., for E.D.N.Y., Jane Simkin Smith, Asst. U.S. Atty., of counsel), for appellee.

Before FEINBERG, Chief Judge, WINTER and MAHONEY, Circuit Judges.

PER CURIAM:

This case requires us to reiterate our views on what to charge a jury concerning the reasonable doubt burden placed upon the government in a criminal case. Vasilios Gatzonis appeals from a judgment of the United States District Court for the Eastern District of New York, convicting him, after a jury trial before Thomas C. Platt, J., of possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).[1] Gatzonis argues that his speedy trial rights were violated, that the trial judge improperly limited cross-examination and that the judge's instructions confused the jury as to what had to be proved beyond a reasonable doubt. Appellant's first two arguments require little discussion, and we would ordinarily dispose of them by order. As to the third argument, however, an opinion is advisable to make clear that even though the judge's charge does not require a reversal in this case, some of the language used should be avoided.

In September 1984, appellant Gatzonis arrived at a hotel that was under observation by Drug Enforcement Administration (DEA) agents. Gatzonis entered the room of Joseph Farhat, a participant in a heroin deal who had agreed to cooperate with the government. Gatzonis gave Farhat an envelope containing $1,000, picked up a suitcase that Farhat told him contained heroin and left the hotel room. At this point, Gatzonis was arrested by the DEA agents. He then helped lead the agents to Hassan Mamlouk, the man to whom Gatzonis said he had planned to deliver the suitcase. At Gatzonis' trial, DEA agents and Farhat testified for the government, and Gatzonis was convicted of possession of heroin with intent to distribute.

On this appeal, Gatzonis objects to certain portions of the district court's instructions to the jury. The judge charged:

> The requirement of proof beyond a reasonable doubt operates on the whole case and not on the separate bits of evidence. Each individual item of evidence need not be proven beyond a reasonable doubt.

The judge also charged on conscious avoidance as follows:

> Now, the government is not required to prove beyond a reasonable doubt that the defendant knew it was heroin he was to pick up and actually picked up from Mr. ... Farhat if the government proves beyond a reasonable doubt the defendant was aware of the high probability that the substance he was carrying was a controlled substance.... Even if you find that the defendant did not have actual knowledge that there was heroin in the suitcase, you may still find that the knowledge elements of Counts Three and Four are satisfied if you find that the defendant consciously avoided knowledge of the contents of the suitcase.[2]

1. Gatzonis was charged in a four-count indictment. The jury was unable to reach a verdict on the other three counts.

2. The judge also made clear, as is required under our cases, e.g., *United States v. Cano*, 702

F.2d 370, 371 (2d Cir.1983) (per curiam), that if Gatzonis actually believed that the suitcase did not contain drugs, the jury should acquit.

Gatzonis contends that the combination of these two instructions may have confused the jury. He argues that the jury may have thought that the knowledge of high probability was one of the "bits of evidence" that the government did not have to prove beyond a reasonable doubt.[3] He suggests, for example, that the jury may have thought that it could find Gatzonis guilty if it believed Gatzonis thought the suitcase he obtained from Farhat merely contained stolen property. Gatzonis claims that his constitutional right to have all the elements of the charge against him proved beyond a reasonable doubt before a guilty verdict is entered has been infringed. We do not agree.

In *United States v. Viafara-Rodriguez,* 729 F.2d 912, 913 (2d Cir.1984), we stated:

It is settled that the Government's burden of proof beyond a reasonable doubt applies to each element of each offense charged. It is also true that the burden does not operate upon each of the many subsidiary facts on which the prosecution may collectively rely to persuade the jury that a particular element has been established beyond a reasonable doubt. (Citations omitted).

Thus, the charge was technically accurate. More importantly, the district court repeated at least five times during the jury instructions that all elements of an offense must be proved beyond a reasonable doubt. Thus, "any ambiguity that might have arisen from the earlier reference that the burden operated on the 'whole case'" was sufficiently removed. Id. at 914. Moreover, in *Viafara-Rodriguez,* we affirmed a conviction where the precise charge on reasonable doubt at issue here was given.

■ The presence of a "conscious avoidance" charge does not affect the result. Indeed, such a charge was given in *Viafara-Rodriguez.* The district court here emphasized that the conscious avoidance itself had to be proved beyond a reasonable

doubt. Furthermore the "bits of evidence" comment came during an entirely different part of the instruction. Thus, viewing the charge as a whole, see *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400–401, 38 L.Ed.2d 368 (1973), the jury was adequately instructed that each element of the offense must be proved beyond a reasonable doubt.

■ Nonetheless, as we have previously stated, trial judges "would be exceedingly well advised to use [the model instruction in 1 Devitt & Blackmar, *Federal Jury Practice and Instructions* § 11.14 (3d ed. 1977)] rather than improvise variations upon it." *United States v. Ivic,* 700 F.2d 51, 69 (2d Cir.1983). Indeed, we recently discouraged the precise charge contested in this case:

Telling a jury that the burden operates on the "whole case" might be confusing; what is meant is that the defendant's guilt and each element of the offense charged must be proved beyond a reasonable doubt. Moreover, to say that the burden does not operate on "bits of evidence" is not helpful. Burdens of proof never operate on evidence; they operate on the ultimate facts or elements that the evidence is offered to prove.... That the burden applies to the defendant's guilt and to every element necessary to establish guilt will normally be sufficient.

*United States v. Viafara-Rodriguez,* 729 F.2d at 913. Perhaps that opinion did not state our views on this issue strongly enough. We write now to make completely clear that district judges should not charge that "separate bits of evidence" need not be proved beyond a reasonable doubt.

■ Gatzonis' remaining contentions are without merit. His right to a speedy trial was not violated since the judge properly excluded the time during which the motion to take foreign depositions was pending. In addition, the court's limitation

**3.** Although Gatzonis' initial brief objected to use of the conscious avoidance charge in this case, in the reply brief and at oral argument, Gatzonis' counsel made clear that the objection was to the combination of that charge with the charge about the burden operating on the "whole case" and not on "separate bits of evidence."

of cross-examination, based on the attorney-client privilege, was within its discretion.

The judgment of the district court is affirmed.