09-4887-pr
Jones v. Poole

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand ten.

PRESENT: DENNIS JACOBS,
                         <u>Chief Judge</u>,
             JOSEPH M. McLAUGHLIN,
             PIERRE N. LEVAL,
                         <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
JAMIE LAMONT JONES,
        <u>Petitioner-Appellant</u>,

        -v.-                                              09-4887-pr

THOMAS POOLE, Superintendent,
        <u>Respondent-Appellee.</u>
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Susan V. Tipograph, New York, New York.

FOR APPELLEE:               Leilani J. Rodriguez, Assistant Attorney General, Of Counsel (Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters and Barbara D. Underwood, Solicitor General, <u>on</u>

the brief), for Andrew M. Cuomo, Attorney General for the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Jamie Lamont Jones appeals from a judgment of the United States District Court for the Southern District of New York (Preska, C.J.), denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Jones challenges his conviction in New York State Supreme Court for assault, N.Y. Penal Law § 120.10(3), and criminal possession of a weapon, N.Y. Penal Law § 265.03(2), on three grounds.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "persons in state custody because of a state court conviction may petition for federal habeas corpus relief if their custody is 'in violation of the Constitution or laws or treaties of the United States.'" Mannix v. Phillips, 619 F.3d 187, 195 (2d Cir. 2010) (quoting 28 U.S.C. § 2254(a)).  We exercise de novo review over the district court's denial of a petition for a writ of habeas corpus. Jenkins v. Artuz, 294 F.3d 284, 290 (2d Cir. 2002).

**[1]**  Jones argues that the state trial court's refusal to instruct the jury on a justification defense constituted a denial of due process.  Even assuming that Jones "fairly presented" his due process claim to the state courts, see Jackson v. Edwards, 404 F.3d 612, 618-19 (2d Cir. 2005), this contention is without merit.  On the record before us, Jones cannot show that he was "entitled to a justification charge" and he certainly cannot show that "the state court's contrary conclusion constitute[d] an unreasonable application of clear Supreme Court law." Id. at 621.  It is well established that "due process does not require the giving of a jury instruction when such charge is not supported by the evidence." Blazic v. Henderson, 900 F.2d 534, 541 (2d Cir. 1990).  Here, Jones' defense at trial was

2

that he was not involved in the shooting that formed the basis for his conviction; trial counsel did not argue that he was involved, but was justified in committing the shooting.

**[2]** On appeal to this Court, Jones concedes that the state trial "court did correctly state the law on accessorial liability in both its final and supplemental jury instructions." Pet'r's Br. 37. But, Jones argues that due process was violated because the state court judge employed a series of prejudicial hypothetical examples. Pet'r's Br. 34-36. We conclude that, with respect to the charge on accessorial liability, Jones' due process challenge was not fairly presented to the state courts. See Daye v. Attorney Gen. of N.Y., 696 F.2d 186, 194 (2d Cir. 1982). Jones did not invoke federal case law; or rely on state case law that employs constitutional analysis; or assert a claim "in terms so particular as to call to mind a specific right protected by the Constitution"; or allege "a pattern of facts that is well within the mainstream of constitutional litigation." Id. Although this Court has held that "a hypothetical that assumes guilt where defendant asserts his innocence is disfavored," United States v. Dove, 916 F.2d 41, 46 (2d Cir. 1990), the Supreme Court has not ruled that the use of such hypothetical examples is a due process violation. Therefore, we could not conclude that such a challenge is within the mainstream of constitutional litigation. Jones is thus barred from obtaining relief on this claim in this Court.

Moreover, even if we were to reach the merits of this claim, we would not grant relief. In this context, it is not enough for Jones to show that some of the examples given, or language used, by the trial judge were "undesirable, erroneous, or even universally condemned." Davis v. Strack, 270 F.3d 111, 123 (2d Cir. 2001) (quoting Cupp v. Naughten, 414 U.S. 141, 146 (1973) (internal quotation marks omitted)).

**[3]** Jones maintains that he is entitled to habeas relief because statements made by the state trial court operated to confuse the jury about the state's burden of proof or to diminish its burden to something less than beyond a reasonable doubt. Jones argues that the trial judge's instructions violated his right to due process, specifically

3

citing the so-called "two inferences" charge,[1] and the instructions to the jury that when it "finds a fact, it has to be done fifty-one to forty-nine" and the standard of "beyond a reasonable doubt" applies only to elements of the charged crimes and to facts on which guilt "hinges" or which are "crucial" to establishing guilt or innocence.  App. 438-39, 444-45, 474, 514.

Both this Court and New York State courts have repeatedly disapproved of the "two inferences" instruction, see, e.g., United States v. Inserra, 34 F.3d 83, 91 (2d Cir. 1994); United States v. Attanasio, 870 F.2d 809, 818 (2d Cir. 1989); People v. Johnson, 783 N.Y.S.2d 5, 7 (App. Div. 1st Dep't 2004), and we again register disapproval.  However, the trial judge made numerous references to the fact that the state bore the burden of proving Jones' guilt beyond a reasonable doubt, so we conclude that the trial court's instructions, "taken as a whole . . . correctly conve[yed] the concept of reasonable doubt to the jury." Victor v. Nebraska, 511 U.S. 1, 5 (1994) (internal quotation marks omitted).

With respect to the trial court's instructions on factfinding, these statements were "confusing" and "undesirable," Cupp, 414 U.S. at 146; see also United States v. Gatzonis, 805 F.2d 72, 74 (2d Cir. 1986) (per curiam), but we conclude that they did not amount to a due process violation.  Indeed, our Court has previously observed that the beyond a reasonable doubt "burden does not operate upon each of the many subsidiary facts on which the prosecution may collectively rely to persuade the jury that a particular element has been established beyond a reasonable doubt." United States v. Viafara-Rodriquez, 729 F.2d 912, 913 (2d Cir. 1984).  Thus, taken as a whole, the charge (though undesirable) adequately conveyed the prosecution's burden to the jury, see United States v. Delibac, 925 F.2d 610, 614 (2d Cir. 1991), and was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, see Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

---

[1] The "two inferences" charge given by the state trial judge is as follows: "where two factual inferences may be drawn from the evidence, . . . one factual inference consistent with guilt and the other factual inference consistent with innocence, any defendant is entitled to the inference of innocence."  App. 437-38.

4

Having reviewed all of the arguments presented by Jones on appeal, we hereby **AFFIRM** the judgment of the district court denying Jones' petition for a writ of habeas corpus.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK