Miller v. Phillip

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand twelve.

PRESENT: DENNIS JACOBS,
                                    Chief Judge,
            RALPH K. WINTER,
                                    Circuit Judge,
            LAURA TAYLOR SWAIN,
                                    District Judge.*

- - - - - - - - - - - - - - - - - - - -X
RICHARD MILLER,
        Petitioner-Appellant,

        -v.-                                    12-323

WILLIAM E. PHILLIP, Superintendent,
Green Haven Correctional Facility,
        Respondent-Appellee,
- - - - - - - - - - - - - - - - - - - -X

---

        * Judge Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:          BARBARA ZOLOT (Robert S. Dean, on the brief), Center for Appellate Litigation, New York, New York.

FOR APPELLEE:           PATRICIA CURRAN (Susan Gliner, on the brief), Assistant District Attorneys, for Cyrus R. Vance, Jr., District Attorney for New York County, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Petitioner-Appellant Richard Miller appeals from the judgment of the United States District Court for the Southern District of New York (Sweet, J.), denying Miller's petition for a writ of habeas corpus. Miller claimed ineffective assistance of counsel, based on his counsel's failure to object to certain jury instructions at trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's denial of a writ of habeas corpus de novo. Jenkins v. Artuz, 294 F.3d 284, 290 (2d Cir. 2002). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[w]hen the state court has adjudicated the merits of the petitioner's claim . . . we may grant a writ of habeas corpus only if the state court's adjudication 'was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States.'" Dolphy v. Mantello, 552 F.3d 236, 238 (2d Cir. 2009) (quoting 28 U.S.C. § 2254(d)(1)).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). We are to assess whether "counsel's performance was objectively reasonable," Brown v. Greene, 577 F.3d 107, 110 (2d Cir. 2009), and in

2

doing so, "we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ," <u>Aparicio v. Artuz</u>, 269 F.3d 78, 95 (2d Cir. 2001) (internal quotation marks omitted).

In rejecting Miller's ineffective assistance of counsel claim, the state courts determined that Miller's failure to object to the challenged instructions fell within the wide range of reasonable professional assistance.  Given the law at the time, we cannot disturb that determination.  The challenged jury instructions, given by Justice Edward J. McLaughlin of the New York County Supreme Court, are nearly inscrutable, potentially confusing, and certainly undesirable.  Nonetheless, the jury charge as a whole made clear to the jury that it was the State's responsibility to prove guilt beyond a reasonable doubt.  Under the appropriate standards, we cannot find that the state courts unreasonably applied established Supreme Court law.  This Court recently affirmed the denial of writs for habeas corpus in two cases involving nearly identical jury instructions.  <u>See</u> <u>Jones v. Poole</u>, 403 F. App'x 617, 619–20 (2d Cir. 2010); <u>Brown</u>, 577 F.3d at 110-14.

For the foregoing reasons, and finding no merit in Miller's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3