11-5308-cr
United States v. Bangoura

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand thirteen,

Present:      RALPH K. WINTER,
              ROSEMARY S. POOLER,
              DENNY CHIN,
                        *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                    *Appellee*,

              -v-                                          11-5308-cr

MOHAMED KASSORY BANGOURA,

                    *Defendant-Appellant*.
_____

Appearing for Appellee:      Joseph Vizcarrondo, Special Assistant United States Attorney
                             (Sandra S. Glover, Assistant United States Attorney, *on the brief*),
                             *for* David B. Fein, United States Attorney for the District of
                             Connecticut

Appearing for Appellant:      David J. Wenc, Wenc Law Offices, Windsor Locks, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Mohamed Kassory Bangoura appeals from the judgment of conviction entered by the district court on December 20, 2011.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Bangoura did not raise his instant objection to the jury instruction below, so this Court reviews only for plain error.  Fed. R. Crim. P. 30(d), 52(b).  Under plain error review, this Court "may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Bangoura argues that the district court erred in not providing the jury with an instruction that the evidence regarding his sham marriage and submission of fraudulent documents to the Citizenship and Immigration Service—which he argues were subordinate facts—could only be relied upon if the jury first concluded beyond a reasonable doubt that Bangoura had committed these acts.  The instruction urged, however, does not accurately reflect the law.  While each element of a charged offense must obviously be proven beyond a reasonable doubt, *see In re Winship*, 397 U.S. 358, 364 (1970), this standard "does not operate upon each of the many subsidiary facts on which the prosecution may collectively rely to persuade the jury that a particular element has been established beyond a reasonable doubt."  *United States v. Viafara-Rodriguez*, 729 F.2d 912, 913 (2d Cir. 1984); *see also Huddleston v. United States*, 485 U.S. 681, 689-90 (1988) (explaining that Rule 404(b) evidence is admissible if the jury could reasonably conclude that it had occurred "by a preponderance of the evidence").

The jury was repeatedly instructed that each element of the charged conduct had to be proven beyond a reasonable doubt, and the law does not require that each subordinate fact offered to prove the charged conduct meet the reasonable doubt standard.  Thus, Bangoura has not demonstrated any error in the jury instructions, much less plain error.

We find Bangoura's remaining arguments to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk